IN THE PROBATE COURT OF **FULTON** COUNTY
STATE OF GEORGIA

IN RE: ESTATE OF )
)
)
███████████████ )  ESTATE NO. ███████████
)
)

**LETTERS OF ADMINISTRATION**
(Bond waived and/or certain powers granted)

At a regular term of Probate Court, this Court granted an order allowing ███████████████ to qualify as administrator(s) of the above-named decedent, who was domiciled in this county at the time of his or her death or was domiciled in another state but owned property in this County at the time of his or her death, and that upon so doing, letter of administration be issued to such personal representative(s).

THEREFORE, the said administrator(s), having taken the oath of office and complied with all necessary prerequisites of the law, is/are legally authorized to discharge all the duties and exercise all powers of personal representative(s), according to Georgia law. In addition this Court:
[Initial all that apply]

**X** (a)  **POWERS GRANTED**: Grants to the administrator(s) all of the powers contained in O.C.G.A. §53-12-261, except the administrator(s) shall not be authorized to bind the estate by any warranty in any conveyance or contract in violation of O.C.G.A. §53-8-14 (a)

**X** (b)  **REPORTS WAIVED**: Grants to the administrator(s) the specific power to serve without making and filing inventory, and without filing any annual or other returns or reports to any court.

**X** (c)  **BOND WAIVED**: Waives the specific requirement to post bond.

**X** (d)  **STATEMENTS WAIVED**: Grants to the administrator(s) the specific power to serve without furnishing to the heirs statement for receipts and disbursements.

IN TESTIMONY WHEREOF, I have hereunto affixed my signature as judge of the probate court of said county and the seal of this office this **18th** day of **April**, 20**25**.

*Kenya M. Johnson*
Kenya M. Johnson
Judge of the Fulton County Probate Court

NOTE: The following must be signed if the judge does not sign the original of this document:

Issued by:
*Jillian Scruggs*
Clerk of the Probate Court

(Seal)

Court Docketing Code **A08**

GPCSF 3                                 [13]                              Eff. July 2021

## INSTRUCTIONS

1. Unless inventory has been waived, an inventory of the estate must be filed with this Court by the administrator within six months after these letters are issued and a copy of that inventory must be delivered to the sui juris heirs by First-Class mail within the same period.

2. Within 60 days after these letters are issued, notice must be given once a week for four weeks by advertisement in the official newspaper in this county in which the petition is made, requiring creditors of the estate to render in their demands and requiring debtors to make payment.

3. Unless returns have been waived, or a different accounting period has been approved, within 60 days after the anniversary date of issuance of these letters, in each and every year, every administrator must make a just and true account, under oath, of his or her receipts and expenditures on behalf of the estate during the preceding year, together with a note or memorandum of any other fact necessary to the exhibition of the true condition of the estate. The vouchers showing the correctness of each item must be retained by the administrator. A copy of each such return must be delivered to the sui juris heirs by First-Class within the same period. The administrator is allowed six months from the date of his or her qualification to ascertain the condition of the estate, during which he or she is exempt from suit. The administrator should collect all debts due the estate, and pay the debts of the estate, wholly or in part, at the end of the six-month period. Payment of the debts of the decedent shall be made in accordance with their rank in priority as provided in O.C.G.A.§53-7-40.

4. Unless returns and statements have been waived, at least once in each and every year, every administrator must prepare a statement of his or her receipts and expenditures on behalf of the estate during the preceding year, and a copy of each such statement must be delivered to the sui juris heirs by First-Class Mail within the same period.

5. The Administrator may continue the business of the decedent for the current year without a court order.

6. The normal commissions allowed the administrator are two and one-half percent of all sums of money received, and a like commission on all sums of money paid out. In addition, upon petition, the judge of the probate court may allow a commission of up to three percent of the value of all property distributed in kind. There are special rules concerning commissions on interest earned and extra compensation.

7. After the payment of all expenses of administration and other debts, the balance of the estate shall be promptly distributed to the heirs. The administrator must then make a final return, showing the receipts and disbursements since the last annual accounting, unless returns have been waived. A copy of the final return must be delivered to the sui juris heirs by First-Class Mail at the time of filing same.

8. It shall not be necessary for the administrator to mail copies of any annual returns or the final return, or any statements of receipts and disbursements to any heir who has individually waived in writing the right to receive copies of same unless and until such waiver is revoked in writing.

9. For further information, see O.C.G.A. Title 53, Chapters 6 & 7.